IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LG CONSTRUCTION GROUP LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 23-CV-16486 |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| GRANGE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff LG Construction Group LLC ("LG"), through its undersigned counsel, states as follows as its complaint against Defendant Grange Insurance Company f/k/a Grange Mutual Casualty Company ("Grange"):

### Nature of the Action

1. LG seeks a declaration that Grange is obligated to defend LG, as an additional insured under certain Businessowners policies issued to Solve Construction Inc. ("Solve"), in connection with the arbitration proceeding captioned *Laura Ricketts, as sole beneficiary with power of direction under the Trust Agreement dated April 15, 2010 and known as Trust No. 8002354843, of which Chicago Title Land Trust Company is Trustee v. LG Construction Group, LLC* (the "Ricketts Arbitration").

2. LG also seeks to recover damages for Grange's breach of its duty to defend LG in the Ricketts Arbitration.

### The Parties

3. Plaintiff LG Construction Group LLC is an Illinois limited liability company. Its member is LG Development Group LLC. LG Development Group LLC is an Illinois limited

liability company. Its members are Brian Goldberg, Matt Wilke, Cuda Development Group LLC and ML Development Group LLC. Brian Goldberg and Matt Wilke are Illinois residents and therefore Illinois citizens. Cuda Development Group LLC is an Illinois limited liability company. Its member is Barry Howard. Barry Howard is an Illinois resident. Consequently, Cuda Development Group LLC is an Illinois citizen. ML Development Group LLC is an Illinois limited liability company. Its member is Marc Lifshin. Marc Lifshin is an Illinois resident. Consequently, ML Development Group LLC is an Illinois citizen. Consequently, as all of its members are Illinois citizens, LG Construction Group LLC is an Illinois citizen.

4. Defendant, Grange Insurance Company f/k/a Grange Mutual Casualty Company is a corporation with its principal place of business in Columbus, Ohio and is therefore a citizen of Ohio.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because LG is a citizen of Illinois and Grange is a citizen of Ohio and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because the claims arise from insurance contracts issued to Solve in this district, and because Solve's failure to honor its obligations under the policies has caused LG to suffer damages in this district.

## Facts Common to All Counts

**I. The Policies**

7. Grange issued to Solve a series of Businessowners policies under policy number CT 2648250, effective for consecutive annual periods between May 14, 2015 through May 14, 2017 (the "Primary Policies").

2

8. Upon information and belief, LG is an additional insured under the Primary Policies.

9. The Primary Policies provide general liability coverage with a $2,000,000 aggregate limit, and a $1,000,000 limit for each occurrence.

10. Through the Primary Policies, Grange agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of … 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages."

11. The Primary Policies cover property damage "caused by an 'occurrence' that takes place in the 'coverage territory'" and that "occurs during the policy period."

12. Under the Primary Policies, "property damage" means, in relevant part, "[p]hysical injury to tangible property, including all resulting loss of use of that property."

13. The Primary Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

**II.     The Ricketts Arbitration**

14. Laura Ricketts, as the sole beneficiary with power of direction under the trust agreement dated April 15, 2010 and known as trust no. 8002354843, of which Chicago Title Land Trust Company is trustee, is the owner of the property located at 430 Sheridan Road, Wilmette, Illinois (the "Property").

15. In or around September 2012, Ricketts retained LG to act as general contractor with respect to the construction of a custom single-family home on the Property (the "Project"). LG served as general contractor on the Project until the home was completed in or around 2016.

16. LG engaged various subcontractors to perform work on the Project.

17. LG retained Solve to provide masonry work for the Project. A copy of the subcontract between LG and Solve is attached as **Exhibit 1**.

18. Pursuant to its subcontract, Solve was required to perform masonry work per plans and specifications and coordinate with LG and other subcontractors as required for layout and installation. Ex. 1. The subcontract between LG and Solve was amended by various change orders that altered the scope of Solve's work.

19. The subcontract also required Solve to purchase and maintain, *inter alia*, liability insurance with a minimum limit of $1,000,000 and to identify LG as an additional insured on its policies of insurance during the relevant time period. Ex. 1 at p. 13.

20. Solve performed work on the Project both prior to May 14, 2015 and, upon information and belief, in or after December 2015.

21. On or about August 1, 2019, Ricketts filed a demand for arbitration against LG. A copy of Ricketts' Amended Demand for Arbitration is attached as **Exhibit 2**.

22. Through her demand, Ricketts alleges that she moved into the home in "the late summer of 2015" (Ex. 2 ¶ 39) and seeks monetary damages arising from property damage occurring at that time and thereafter (*see id.* ¶¶ 40, 47).

23. Ricketts alleges, in relevant part, that various construction defects—including in areas where Solve performed its work—have caused water infiltration and resultant damage to multiple areas of the house. *See* Ex. 2 at pp. 22-27. Thus, the work performed by Solve may have caused the damage claimed in the Ricketts Arbitration.

24. Ricketts alleges damage to property outside the scope of Solve's work on the Project. *See* Ex. 2 at pp. 12-26.

**III.    LG's Claim**

25. On or about October 2, 2019, LG demanded a defense and indemnification from Solve and its liability insurer(s) in connection with the Ricketts Arbitration. A copy of LG's letter tendering its defense to Solve and its insurer(s) is attached as **Exhibit 3**.

26. On or about November 29, 2021, LG again demanded a defense and indemnification from Solve and its liability insurer(s) in connection with the Ricketts Arbitration. A copy of LG's second letter tending its defense to Solve and its insurer(s) is attached as **Exhibit 4**.

27. On or about January 4, 2022, LG tendered LG's defense in the Ricketts Arbitration directly to Grange. A copy of this tender letter is attached as **Exhibit 5**.

28. On or about November 4, 2022, Grange denied that "it owes any coverage to LG Construction in regard to the Amended Demand. A copy of Grange's letter denying coverage for claims by LG is attached as **Exhibit 6**.

29. Moreover, Grange acknowledged that it was aware of the claim since May 2021. Ex. 6 at 23.

30. Despite having knowledge of the claims against LG since at least May 2021, Grange has not provided a defense on behalf of LG in the Ricketts Arbitration.

<u>COUNT I</u>
**DECLARATORY JUDGMENT**

31. LG incorporates the allegations of paragraphs 1 through 30 as though fully stated herein.

32. The Ricketts Arbitration asserts claims of property damage that may have been caused by Solve's work on the Project.

33. The Ricketts Arbitration alleges that property other than Solve's own work was damaged.

34. LG contends that the Ricketts Arbitration seeks monetary damages and other relief for "property damage" covered by the Primary Policies.

35. LG contends that it is entitled to a defense against the claims asserted in the Ricketts Arbitration pursuant to the Primary Policies.

36. LG's defense in the Ricketts Arbitration was tendered to Grange on or about July 22, 2020.

37. Grange denied the tender of LG's defense in the Ricketts Arbitration.

38. Grange has not provided LG with a defense against the claims asserted in the Ricketts Arbitration.

39. A justiciable controversy exists between LG and Grange as to Grange's duty to defend LG against the claims asserted in the Ricketts Arbitration.

WHEREFORE, Plaintiff LG seeks a declaration pursuant to 28 U.S.C. § 2201(a) that Defendant Grange is obligated to defend LG against the claims asserted against it in the Ricketts Arbitration and for such other relief as the Court deems just.

## COUNT II
## BREACH OF CONTRACT

40. LG incorporates the allegations of paragraphs 1 through 30 as though fully stated herein.

41. The Ricketts Arbitration asserts claims of property damage that may have been caused by Solve's work on the Project.

42. The Ricketts Arbitration alleges that property other than Solve's own work was damaged.

43. LG timely tendered the Ricketts Arbitration to Grange, demanding a defense and indemnification against the claims asserted therein.

6

44. LG has performed its obligations to Grange under the Primary Policies, including as to its tender of the Ricketts Arbitration.

45. Grange has declined coverage and refused to provide LG with a defense in the Ricketts Arbitration. *See* Ex. 6.

46. By failing to provide a defense to LG in the Ricketts Arbitration and repudiating its duty to defend LG in connection with the Ricketts Arbitration, Grange has failed to fulfill its obligations to LG under the Primary Policies.

47. Grange's breach of its obligation to provide LG with a defense in the Ricketts Arbitration has required LG to engage defense counsel and fund its own defense cost, including attorney's fees, and other expenses, to defend against the claims asserted in the Ricketts Arbitration.

48. LG has sustained actual damages in the form of the attorney's fees and other defense costs and will continue to incur further damages as a consequence of Grange's breach of its obligation to provide LG with a defense in the Ricketts Arbitration.

WHEREFORE, Plaintiff LG requests: (i) that judgment be entered in its favor and against Defendant Grange; (ii) that LG be awarded the damages caused by Grange's breach of its obligation to defend LG in the Ricketts Arbitration, including, without limitation, attorney's fees, costs, and prejudgment interest; and (iii) such other relief as the Court deems just.

Dated: December 5, 2023　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　LG CONSTRUCTION GROUP LLC

　　　　　　　　　　　　　　　　　　　　　　　　　　　By: /s/ David B. Goodman
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　One of its attorneys

David B. Goodman – dg@glgchicago.com
　ARDC No. 6201242

Kalli K. Nies – kn@glgchicago.com
  ARDC No. 6318089
Christopher S. Hoffmann – ch@glgchicago.com
  ARDC No. 6336052
Goodman Law Group | Chicago
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
Tel: (312) 626-1888